# EXHIBIT "7"

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

WINDCHASE ENTERPRISES, L.P.,                      CASE NO. 11-10337-DWH

DEBTOR.                                                                  CHAPTER 11

### ORDER GRANTING MOTION FOR: (1) ABANDONMENT AND RELIEF FROM AUTOMATIC STAY; OR (2) DETERMINATION OF SINGLE ASSET REAL ESTATE STATUS; AND/OR (3) ADEQUATE PROTECTION [DOCKET NO. ___]

There came on for the Court's consideration the Motion For: (1) Abandonment and Relief From Automatic Stay; or (2) Determination of Single Asset Real Estate Status; and/or (3) Adequate Protection ("Motion") **[Docket No. ___]** filed by Citizens Bank in the above-referenced Chapter 11 proceeding. The Court, being fully advised in the premises, finds as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 361, 362, 363, and 554 and the order granting automatic reference to this Bankruptcy Court. This matter is governed procedurally by Fed. R. Bankr. Proc. 4001, 6007, 7004, and 9014.

### II. PARTIES

2. Windchase Enterprises, L.P. ("Debtor") filed a petition for relief under Chapter 11 of the Code on January 25, 2011. The Debtor is the debtor-in-possession in this Chapter 11 proceeding.

3. Citizens Bank is a secured creditor of the Debtor and BN Hotels, LLC ("BN").

### III. FACTS
#### A. LOAN HISTORY

4. On May 22, 2008, the Debtor and BN executed a Promissory Note ("Note") in favor of Citizens Bank in the principal amount of $2,655,539. A true and correct copy of the Note is attached to the Motion as Exhibit "1" and is incorporated herein by reference.

5. The Note is secured by a Deed of Trust and Security Agreement ("Deed of Trust") dated May 22, 2008. The Deed of Trust was recorded in Book 2908 at Page 119 in the Office of the Chancery Clerk of DeSoto County, Mississippi ("Chancery Clerk"). A true and correct copy of the Deed of Trust is attached to the Motion as Exhibit "2" and is incorporated herein by reference. The Deed of Trust granted Citizens Bank a first lien on real property located at 6910 Windchase Drive, Horn Lake, Mississippi ("Real Property").[1] A legal description for the Real Property is appended to this Order. The Deed of Trust, together with a Security Agreement dated May 22, 2008 (*see* Exhibit "3"), granted Citizens Bank a first lien on, among other things, improvements ("Improvements"), fixtures ("Fixtures"), and equipment ("Equipment") associated with the Real Property. The Real Property, Improvements, Fixtures, Equipment, and all other collateral referenced in the Loan Documents (defined hereafter), are referred to collectively as "Real Estate Collateral."

6. The Note is further secured by an Assignment of Leases and Rents ("Assignment of Rents") dated May 22, 2008 and recorded in the Office of the Chancery Clerk in Book 126 at Page 550. A true and correct copy of the Assignment of Rents is attached to the Motion as Exhibit "4." The Assignment of Rents granted Citizens Bank a lien on rents, security deposits, proceeds, income, and other kinds of revenue (referred to herein as "Cash Collateral").

7. Citizens Bank perfected its security interest in the Cash Collateral, Improvements, Fixtures, Equipment and related collateral by filing a Financing Statement with the Mississippi

---

[1] The Debtor and/or BN operate a Best Western hotel on the Real Property.

Secretary of State as File No. 20080113173H and with the Office of the Chancery Clerk in Book 2908 at Page 150. True and correct copies of these Financing Statements are attached to the Motion as Exhibit "5" and are incorporated herein by reference.

8. Exhibits "1" – "5" and all other documents executed in conjunction therewith are referred to collectively as the "Loan Documents."[2]

### B. REAL ESTATE COLLATERAL AND OPERATIONS OF THE DEBTOR

9. The Real Estate Collateral is a 70-unit hotel/motel. The Real Estate Collateral is "single asset real estate" as defined in 11 U.S.C. § 101(51B).

### C. INDEBTEDNESS AND DEFAULTS

10. The Debtor and BN are indebted to Citizens Bank under the Loan Documents in the principal sum of $2,603,453. In addition to the principal balance, the Debtor and BN owe Citizens Bank accrued interest, late charges, and other charges described in the Loan Documents, as well as all costs of collection, including attorney's fees and expenses to the extent permitted under 11 U.S.C. § 506(b).

11. The Debtor and BN are in default under the Loan Documents for failing to make the payments due for October, 2010 to the present. A true and correct copy of a demand letter dated November 5, 2010, is attached to the Motion as Exhibit "6."

12. The default under the Loan Documents was not cured. Consequently, the Real Estate Collateral was scheduled for foreclosure on January 28, 2011. Citizens Bank cancelled the foreclosure sale due to the Debtor's Chapter 11 filing.

### D. VALUE OF THE COLLATERAL

13. The Real Estate Collateral has a market value as of December 10, 2010, in the amount of $4,700,000.

---

[2] In addition to the obligations under the Loan Documents, Savitaben Patel and Nilesh Patel executed Guaranties in favor of Citizens Bank on May 22, 2008. Citizens Bank reserves its rights under the Guaranties. Citizens Bank further reserves all rights against BN.

### E. OTHER ALLEGED SECURED CLAIMS

14. In addition to Citizens Bank's first lien on the Real Estate Collateral, Small Business Administration ("SBA") is believed to have a second lien on the Real Estate Collateral in the principal amount of $1,902,000, together with interest, costs and expenses. Additionally, the Mississippi Department of Employment Security may assert a judgment lien for $326.41.

## IV. RELIEF GRANTED

### A. 11 U.S.C. § 362(d)(1)

15. Cause exists for lifting the automatic stay under 11 U.S.C. § 362(d)(1).

16. Citizens Bank lacks adequate protection of its interest in the Real Estate Collateral.

17. The continuation of the automatic stay will result in the impairment of Citizens Bank's interest in the Real Estate Collateral.

18. Under the Deed of Trust, the Cash Collateral belongs to Citizens Bank. *See O'Neal Steel, Inv. v. E.B., Inc. (In re Millette)*, 186 F.3d 638 (5th Cir. 1999) (determining that Mississippi is an "intermediate title" state in which title to rents shifts to lender upon borrower's default). Consequently, the Cash Collateral is not property of the estate.

### B. 11 U.S.C. § 362(d)(2)

19. After adding the principal amount of the liens of Citizens Bank, SBA and the Mississippi Department of Employment Security, together with interest and other charges, the total amount of liens against the Real Estate Collateral equals or exceeds the market value of the Real Estate Collateral. Consequently, there is no equity in the Real Estate Collateral. Similarly, there is no equity in the Cash Collateral since the Cash Collateral belongs to Citizens Bank and is not property of the Estate.

20. The Real Estate Collateral is not necessary to an effective reorganization of the Debtor that is in prospect.

21. In accordance with 11 U.S.C. § 362(d)(2), the automatic stay should be terminated to permit Citizens Bank to exercise any and all of its rights to, and interest in, the Real Estate Collateral and Cash Collateral.

22. The Motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED that the automatic stay is hereby terminated and annulled as to Citizens Bank, and/or persons acting on its behalf, so that it may proceed in exercising any and all of its rights and interests relating to the Real Estate Collateral and Cash Collateral.

IT IS FURTHER ORDERED that the fourteen (14) day stay of execution of Fed. R. Bankr. Proc. 4001(a)(3) is hereby waived.

SO ORDERED AND ADJUDGED this the _____ day of _____, 2011.

_____
DAVID W. HOUSTON
UNITED STATES BANKRUPTCY JUDGE

SUBMITTED BY:

s/ *Jeffrey R. Barber*
Counsel for Citizens Bank
Jeffrey R. Barber
Bar No. 1982
Chad J. Hammons
Bar No. 10419
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800
Post Office Box 427
Jackson, Mississippi  39205-0427
Telephone  (601) 949-4765
Telecopy  (601) 949-4804
Email  jbarber@watkinsludlam.com

Lot 5, Second Revision, Windchase Subdivision, in Section 35, Township 1 South, Range 8 West, Horn Lake, DeSoto County, Mississippi, as per plat of record in Plat Book 85, Page 3, in the Chancery Clerk's Office of DeSoto County, Mississippi, and further described as follows:

Beginning at a 1/2" rebar set on the West right-of-way of Windchase Drive and being a common corner of the James Damron tract to the North; said point lies South 35 Degrees 17 Minutes 10 Seconds West a distance of 781.89 feet from the Northeast corner of Section 35, Township 1 South, Range 8 West as per Plat Book 85, Page 3; thence along aforementioned right-of-way with the following calls: South 25 Degrees 59 Minutes 04 Seconds East a distance of 79.59 feet to a p.k. nail set; thence with a curve turning to the right with an arc length of 264.85 feet, a radius of 1000.00 feet, a chord bearing of South 19 Degrees 29 Minutes 02 Seconds East, a chord length of 264.08 feet, and a delta angle of 15 Degrees 10 Minutes 30 Seconds to a 1/2" rebar set; thence South 01 Degrees 21 Minutes 20 Seconds East a distance of 39.50 feet to a 1/2" rebar set on the North line of the DeSoto County Dev. LLC tract to the South; thence South 89 Degrees 31 Minutes 03 Seconds West along said North line a distance of 52.54 feet to a point in the center of an existing ditch being a common corner of the herein described property and the aforementioned DeSoto County tract; thence North 59 Degrees 37 Minutes 07 Seconds West a distance of 175.08 feet to a 1/2" rebar set being a common corner of the DeSoto County tract; thence North 48 Degrees 50 Minutes 19 Seconds West a distance of 166.34 feet to a 1/2" rebar set being a common corner of the herein described property and said DeSoto County tract; thence North 58 Degrees 52 Minutes 04 Seconds West a distance of 307.53 feet to a 1/2" rebar set being a common corner of the James Damron tract to the North and the herein described property; thence North 89 Degrees 34 Minutes 59 Seconds East along the South line of the aforementioned Damron tract a distance of 468.17 feet to a 1/2" rebar set which is the True Point of Beginning, having an area of 97608.01 Square Feet, 2.24 Acres, more or less, being subject to all codes, regulations and restriction, rights of way and easements of record.